No. 14305

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

GUY JOHN ALLIES,

Defendant and Appellant.

_____

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Richter and Lerner, Billings, Montana
Frank Richter argued, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Mike McCarter argued, Assistant Attorney General, Helena, Montana
Harold Hanser, County Attorney, Billings, Montana
James Walen argued, Deputy County Attorney, Billings, Montana

_____

Submitted: November 27, 1978

Decided: APR 24 1979

Filed: APR 24 1979

_Thomas J. Kearney_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This case is now before the Court on a motion to fix attorney fees on appeal. Movants are a firm of attorneys appointed by the District Court of Yellowstone County to represent an indigent defendant in a major felony criminal case at public expense.

Guy John Allies, an indigent, was charged with four counts of deliberate homicide by the county attorney of Yellowstone County. A Billings law firm was appointed to represent him both in the District Court and upon appeal. For their services and expenses to the time of and through the trial stages, counsel were paid at the rate of $35.00 per hour for a total of $42,000 plus dollars. This sum has been paid by Yellowstone County and no issue is raised concerning this fee which covers the period from appointment March 14, 1977 to the end of trial on February 3, 1978.

Defendant was convicted after jury trial and he and his attorneys have initiated an appeal to the court. The District Judge, after allowing trial fees on February 3, 1978, noted on the claim that fees on the appeal would be limited to a flat $2,000 plus expenses. From this $2,000 the district judge deducted $525 for services at the sentencing which he considered as part of the appeal.

Defendant's attorneys have filed a motion in this Court seeking an order setting their rate of compensation for services on appeal at the rate of $40.00 per hour plus their expenses to be paid by Yellowstone County on a monthly basis for actual time and costs expended. They contend that the order of the district judge fixing their fee as heretofore set out is unreasonable and an abuse of discretion.

Section 95- 1005, R.C.M. 1947, now/46-8-201 MCA, states:

- 2 -

"Remuneration of appointed counsel. (1) Whenever in a criminal proceeding an attorney represents or defends any person by order of the court on the ground that the person is financially unable to employ counsel, the attorney shall be paid for his services such sum as a district court or justice of the state supreme court certifies to be a reasonable compensation therefor and shall be reimbursed for reasonable costs incurred in the criminal proceeding."

"Reasonable compensation to relator is required by the statute. The determination of 'reasonable compensation' is a discretionary function of the judge under the statute. The exercise of a judge's discretion will not be disturbed absent abuse thereof. Luebben v. Metlen (1940), 110 Mont. 350, 100 P.2d 935." State ex rel. Stephens v. District Court (1976), 170 Mont. 22, 27, 550 P.2d 385, 388.

"The fee need not be of an amount equal to that from a paying client, but should strike a balance between conflicting interests, including the professional obligation of a lawyer to make legal counsel available and the increasingly heavy burden on the legal profession created by expanded indigent rights. Court appointed counsel should neither be unjustly enriched nor unduly impoverished, but must be awarded an amount which will allow the financial survival of his practice. A county shall pay a reasonable amount for all professional services which are not donated."

"Elements of consideration in fixing fees include the amount of time and effort expended, the nature and extent of the services rendered, the fees paid for similar service in other jurisdictions, the traditional responsibilities of the legal profession, the amount of public funds made available for such purposes, and a judicious respect for the tax paying public as well as the needs of the accused." State v. Lehirondelle (1976), 15 Wash.App. 502, 550 P.2d 33, 34-35. See also Hill vs. Superior Court, Humbolt County (1956), 46 Cal.2d 169, 293 P.2d 10; Bennett v. Davis County (1971), 26 Utah 2d 225, 487 P.2d 1271; State v. Horton (1961), 34 N.J. 518, 170 A.2d 1; 18 ALR3d 1074.

Movants first contend that $40.00 an hour is a reasonable compensation for their services on appeal and that a flat fee of $2,000 is not. They argue that the overhead of their law firm amounts to about $20.00 per hour and that to date of hearing they have spent 41-3/4 hours reading a transcript of approximately

1,750 pages; 104-1/2 hours in legal research and production of appellant's brief; and 8-1/4 hours in performing miscellaneous services.

Their argument is unconvincing. They are not entitled to charge the entire overhead of their law firm against this one case. Apparently there are three or perhaps four lawyers in the firm, but it is inconceivable that all spent their entire time and the time of their office staff on this case to the exclusion of all other clients and cases. For further guidance of the District Court, we expressly disapprove of the practice of appointing an entire law firm rather than an individual lawyer as court appointed counsel for an individual charged with a crime. This practice leads to many abuses such as duplication of services, wasted effort, fragmentation of responsibility and authority, to name a few.

The fee they are asking amounts to over $6,000 for the appeal to date and it has not yet been argued. Most of the legal research necessarily had to have been performed prior to trial for which counsel was compensated handsomely to the tune of over $42,000. As stated above, in striking a balance between the age-old responsibility of providing gratuitous service to indigent defendants and the increasing burdens placed on the bar by expanded indigent rights, much discretion must be left in the trial judge. We find the fixing of the flat fee of $2,000 for the appeal is not such abuse of discretion as to require intervention by this Court. The request for prepayment is denied. The statute requires the District Court to certify the services have been rendered. However the $525 formerly granted for services at the sentencing hearing should not be deducted from the appeal fee.

As to the third issue of denial of constitutional rights, the discussion in State ex rel. Stephens vs. District Court, supra, at pp. 28, 29, is pertinent:

- 4 -

> "Be that as it may, we do not consider the con-
> stitutional guarantee of effective assistance of
> counsel impaired by denial of compensation that
> is not reasonable."

See also Daines v. Markoff (Nev. 1976), 555 P.2d 490, 493:

> "The professional obligation to respond to the call
> of the court is an incident of the privilege to
> practice law, and does not offend constitutional
> commands. United States v. Dillon, 346 F.2d
> 633 (9th Cir. 1965); State v. Rush, 46 N.J. 399,
> 217 A.2d 441 (1966); Lindh v. O'Hara, 325 A.2d
> 84 (Del. 1974). Neither our state constitution
> nor the federal constitution precludes service to
> indigents without 'full' compensation."

Because the problem of fixing reasonable fees is a re-
curring problem this Court will set the following guidelines:
That if a trial court allows fees on a hourly basis the maximum
amount allowed per hour shall be not more than $30.00 per hour
subject to a total maximum of $5,000 in any given criminal pro-
ceeding without prior court approval.

The motion is denied except that the full amount of $2,000
shall be available to pay attorney fees on the appeal of this
matter.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy, deeming himself disqualified, did
not participate in this cause.