No. 13011

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

DUNCAN PEDER McKENZIE, JR.,

Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellant:

Barney Reagan, Cut Bank, Montana
Charles L. Jacobson argued, Conrad, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Chris Tweeten argued, Assistant Attorney General,
Helena, Montana
Douglas Anderson, County Attorney, Conrad, Montana

---

Submitted: October 29, 1979

Decided: DEC - 3 1979

Filed: DEC - 3 1979

*Thomas J. Kearney*
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from an order of the District Court, the Honorable H. William Coder sitting without a jury, fixing compensation for the services of Barney Reagan, Esq., and Charles L. Jacobson, Esq., court-appointed attorneys for Duncan Peder McKenzie, Jr.

Messrs. Reagan and Jacobson were appointed in this case as defense counsel for Duncan Peder McKenzie, Jr., an indigent. Following a jury trial, defendant was convicted of deliberate homicide and aggravated kidnapping and sentenced to death. The judgment and sentence were affirmed by this Court. On certiorari to the United States Supreme Court, the judgment of the Montana Supreme Court was vacated and the cause remanded to us for further consideration in light of Patterson v. New York (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L Ed 2d 281. Compensation for counsel's services following this remand is the subject of this appeal.

Following remand we set the matter for briefing and reargument limited to one issue, viz. the effect of the United States Supreme Court's ruling in Patterson. Our order dated November 25, 1977, stated in pertinent part:

> "The court . . . does not desire repetition of
> briefing and oral argument on the issues hereto-
> fore presented and unrelated to the remand by the
> United States Supreme Court."

Notwithstanding this order, Messrs. Reagan and Jacobson submitted voluminous briefs covering many issues unrelated to Patterson. Although advised by the Chief Justice at the commencement of the hearing that the Court was interested in argument on the Patterson issue, defense counsel covered other issues as well in argument. On March 13, 1978, defense counsel filed claims totalling $2,103.10 for their services and expenses up to this point.

This Court issued the second McKenzie opinion thereafter.

- 2 -

State v. McKenzie (1978), \_\_\_\_Mont.\_\_\_\_, 581 P.2d 1205, 35 St. Rep. 759. Messrs. Reagan and Jacobsen prepared and filed a petition for rehearing which we subsequently denied. In July, 1978, defense counsel filed a claim totalling $1,496.43 for services and expenses in connection with the petition for rehearing.

On December 31, 1977, counsel had submitted claims for their services and the expenses incurred incident to having this Court reconsider the case in light of Patterson. These claims totalled $8,145.82. The District Court approved payment in the amount of $3,000 ($1,500 to each counsel) on February 27, 1978. These claims were resubmitted by counsel on February 27, 1978, and they reflected the fact that $3,000 had been authorized by the Court.

On October 17, 1978, counsel submitted claims totalling $299.50. These claims were for legal services performed and expenses incurred pursuant to preparation and submission of a petition for stay of execution of judgment.

On or about January 22, 1979, Mr. Reagan filed with the District Court a claim for reimbursement of fees and expenses incurred incident to application for stay of execution to the Montana Supreme Court and the attendant preparation and hearing before the Sentence Review Board. These claims totalled $1,275.48.

Subsequent to the hearing before the Sentence Review Board, Mr. Reagan on February 23, 1979, filed with the District Court his claim for reimbursement of fees and expenses incurred in seeking review, by appeal, of the Review Board's decision to the Montana Supreme Court. This claim amounted to $620.63.

On February 2, 1979, this Court issued an order which directed the district judge to hold an evidentiary hearing concerning these claims. The order further directed that the district judge issue findings of fact, conclusions of law and an order pursuant to this hearing.

- 3 -

The hearing was held on February 27, 1979, and at that time counsel submitted an additional claim for fees and expenses in connection with their appearance for setting execution date and evidentiary hearing on payment of fees and expenses. These claims amounted to $244.97.

The total of all of these claims minus the $3,000 already approved amounted to $11,185.93. The district judge in his order disapproved $10,711.96 and approved the remaining $473.97. The approved claims were for services and expenses incurred pursuant to resetting date of execution and the preparation of the petition for stay of execution of judgment ($264.00) and for an appearance for setting execution date ($209.97).

The disapproved claims were as follows:

(1) $5,145.82, which represented the fees and expenses incurred in rearguing the case in light of Patterson. (The original claim was for $8,145.82, of which $3,000 was approved previously.)

(2) $2,103.10, which represented additional fees and expenses incurred rearguing the case in light of Patterson. This claim arose out of the hearing before this Court on March 13, 1978.

(3) $1,496.43, which represented the fees and expenses incurred for preparation and petitions for rehearing before this Court.

(4) $35.50, which represented fees and expenses incurred resetting date of execution and preparation of the petition for stay of execution of judgment. ($264.00 of this claim was approved.)

(5) $1,275.48 for fees and expenses incurred incident to application for stay of execution to the Montana Supreme Court and the attendant preparation and hearing before the Sentence Review Board.

(6) $620.63 for fees and expenses incurred in seeking review

- 4 -

of the Sentence Review Board's decision to this Court.

(7) $35.00 for fees and expenses incurred for appearance for setting execution date and evidentiary hearing on payment of fees and expenses ($209.97 of this claim was approved).

The District Court wrote an opinion on this matter and made the following observation:

> "Needless to say, the Hearing shed little light on the substantive nature of the claims and didn't at all ameliorate the Court's concern regarding the validity of the claims."

The District Court also stated:

> " . . . I am not persuaded that it required $8,000.00 worth of judicial time and research to create Patterson, and on the basis of what has been supplied to me regarding counsel's efforts, I cannot conscientionaly reimburse them $8,145.82 for reading, briefing it and arguing its application to McKenzie."

The District Court expressed the opinion that the $3,000 paid to counsel for the reconsideration of McKenzie was adequate. The District Court was also concerned that notice had not been given prior to the performing of the additional services. It was noted in the opinion that most of the claims related to actions taken by defense counsel which were beyond the scope of the orders issued by this Court, i.e. beyond the scope of the Patterson issue. The District Court felt that many of the additional services which defense counsel performed were not constitutionally required. That fact, plus the fact that counsel had not given the District Court notice that these services were going to be performed, prompted the District Court to hold that the State should not pay for these services.

The only issue presented on this appeal is whether the District Court erred in denying court-appointed counsel certain fees and reimbursement for expenses in this cause.

The pertinent statute involved in this issue is section 46-8-201(1), MCA:

> "Remuneration of appointed counsel. Whenever in a criminal proceeding an attorney represents or

- 5 -

defends any person by order of the court on the
ground that the person is financially unable to
employ counsel, the attorney shall be paid for
his services such sum as a district court or
justice of the state supreme court certifies to
be a reasonable compensation therefor and shall
be reimbursed for reasonable costs incurred in
the criminal proceeding."

The language of this statute clearly indicates that the appropriate court has a discretionary duty to determine "reasonable compensation." The District Court's opinion states: "By any criteria, the $3,000 paid to counsel for the 'reconsideration' of McKenzie which was mandated by the United States Supreme Court was, I submit, more than adequate under the circumstances."

The facts of this case do not warrant the application of constitutional principles concerning a state's duty to appoint counsel in certain situations. In the instant case counsel has already presented the defense. The question is: How much should the state pay for these services?

The approach that this Court will use in deciding questions of this type was set forth in State v. Allies (1979), ____Mont.____, 597 P.2d 64, 36 St.Rep. 820. In Allies court-appointed attorneys were limited to $2,000 for their efforts and expenses involved in an appeal of a homicide conviction. The attorneys appealed this monetary limit alleging that it was unreasonable and an abuse of discretion. This Court found that the District Court was performing a discretionary function and it would not be overturned absent a showing of an abuse of discretion, " . . . in striking a balance between the age-old responsibility of providing gratuitous service to indigent defendants and the increasing burdens placed on the bar by expanded indigent rights, much discretion must be left in the trial judge." 597 P.2d at 66, 36 St.Rep. at 822. This Court went on to hold that the $2,000 limit was not an abuse of discretion.

In the present case defense counsel was awarded $3,000

- 6 -

for an appeal that was limited by court order to one issue; i.e.
Patterson. This Court stated in an order to counsel dated November 25, 1977:

> "The Court . . . does not desire repetition of
> briefing and oral argument on the issues hereto-
> fore presented and unrelated to the remand by
> the United States Supreme Court."

It was not an abuse of discretion for the District Court
to limit payments for a one issue appeal to $3,000.

Similarly, it was not an abuse of discretion for the
District Court to limit the additional expenses to an amount less
than that asked for by counsel. As was emphasized above, this is
a matter which must be left to the District Court judge. We do
not, under these facts, find an abuse of discretion.

Affirmed.

_____
Chief Justice

We concur:

_____

_____
Justices

_____
Hon. W. W. Lessley, District
Judge, sitting in place of Mr.
Justice John C. Harrison.

_____
Hon. Jack D. Shanstrom, District
Judge, sitting in the vacant seat
on the Court.

- 7 -