No. 81-287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

vs.

DAVID ALTON BOYKEN,

Defendant and Appellant.

---

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Joe Bottomly argued, Great Falls, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Randall Snyder argued, Deputy County Attorney, Great Falls,
Montana

For Amicus Curiae:

Lawrence Anderson, Great Falls, Montana
Daniel Donovan, Great Falls, Mt.

---

Submitted: October 19, 1981

Decided: DEC 2 3 1981

Filed: DEC 23 1981

*Thomas J. Kearney*

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Joe Bottomly, a court-appointed attorney, moved the District Court to waive its local rule which sets forth a maximum amount in attorney fees to be awarded a court-appointed attorney for representing an indigent criminal defendant. The District Court denied the motion and Bottomly appeals. We reverse.

Bottomly was appointed by the District Court of the Eighth Judicial District to represent David Alton Boyken. Boyken had been charged with three felonies: aggravated assault, robbery and felony theft. A trial on these charges began on March 26, 1981, and lasted for four days. After deliberating for over nine hours the jury returned verdicts of acquittal on the robbery and aggravated assault charges but was unable to reach a verdict on the felony theft charge.

Following the trial, Bottomly moved the District Court for compensation and submitted an affidavit itemizing his work hours and expenses. He requested a total of $3,431.98 for 129.5 hours of out-of-court time at $20.00 per hour, 27 hours of in-court time at $30.00 per hour, and $31.98 for expenses. The District Court denied his request and limited his compensation to $1,000 for attorney fees plus $31.98 for expenses.

Rule 45 of the Rules of the Eighth Judicial District Court provides that a court-appointed attorney shall be compensated at a rate of $30.00 per hour for in-court time and $20.00 per hour for out-of-court time. However the rule also provides that such compensation shall not exceed $1,000 in a case in which one or more felonies are charged unless the case is an extended or complex representation.

The District Court concluded that this case was not the type of case contemplated by Rule 45 for allowing fees in excess of the $1,000 maximum. In his order denying Bottomly's request and setting attorney fees at $1,000, the District Court judge noted that more than the usual number of outside attorneys were

being appointed to represent indigent defendants charged with criminal offenses. The judge also noted that an unknown amount of expenses still had to be paid out of the District Court's budgeted funds.

On April 17, 1981, Bottomly moved the District Court to reconsider its order. A hearing was held and Bottomly submitted the affidavits of three experienced criminal lawyers which stated in substance that the case was complex from both a legal and factual standpoint, that the number of hours spent by Bottomly was reasonable and that a private attorney handling a similar case would charge at least $50.00 per hour. An affidavit from Bottomly's accountant was also submitted showing that Bottomly's share of his firm's monthly overhead for the time he spent on this case was approximately $1,006.20.

The District Court reaffirmed its earlier order and Bottomly appeals.

The following issues are presented for review:

1. Whether the District Court abused its discretion in this case in limiting the award of attorney fees to $1,000.

2. Whether the award of attorney fees in this case constitutes an unconstitutional denial of the indigent defendant's right to effective assistance of counsel.

3. Whether the District Court's award of attorney fees violates the Fifth and Fourteenth Amendments to the United States Constitution and corresponding sections of the 1972 Montana Constitution by taking defense counsel's property without just compensation or by denying him equal protection of the laws.

4. Whether a Montana District Court has inherent authority to order that court appointed counsel be compensated.

To determine whether the District Court abused its discretion in limiting Bottomly's fees to $1,000 it is necessary to refer to section 46-8-201(1), MCA. It provides:

"Whenever in a criminal proceeding an attorney

represents or defends any person by order of the court on the ground that the person is financially unable to employ counsel, the attorney shall be paid for his services such sum as a district court or justice of the state supreme court certifies to be a reasonable compensation therefor and shall be reimbursed for reasonable costs incurred in the criminal proceeding."

This statute requires that a "reasonable compensation" be paid a court-appointed attorney.

This court has adopted guidelines to be followed when awarding a court-appointed attorney reasonable compensation. They are as follows:

"'The fee need not be of an amount equal to that from a paying client, but should strike a balance between conflicting interests, including the professional obligation of a lawyer to make legal counsel available and the increasingly heavy burden on the legal profession created by expanded indigent rights. Court appointed counsel should neither be unjustly enriched nor unduly impoverished, but must be awarded an amount which will allow the financial survival of his practice. A county shall pay a reasonable amount for all professional services which are not donated.

"'Elements of consideration in fixing fees include the amount of time and effort expended, the nature and extent of the services rendered, the fees paid for similar services in other jurisdictions, the traditional responsibilities of the legal profession, the amount of public funds made available for such purposes, and a judicious respect for the tax paying public as well as the needs of the accused.'" State v. Allies (1979), ____Mont.____, 597 P.2d 64, 36 St. Rep. 820, citing State v. Lehirondelle (1976), 15 Wash.App. 502, 550 P.2d 33.

A court-appointed attorney must be awarded an amount that will allow the financial survival of his practice. We agree that "fees awarded appointed counsel must reimburse the attorney for office overhead and expenses and yield something toward his own support." People v. Johnson (1981), 93 Ill.App.3d 848, 417 N.E.2d 1062.

In Allies, supra, this Court set forth a guideline regarding the maximum hourly rate to be awarded a court-appointed attorney. This guideline was abolished in In re Petition to Adopt Rule, Etc. (1981), ____Mont.____, 634 P.2d 1185, 38 St.Rep.

1613, but the other guidelines set forth in <u>Allies</u>, supra, remain in effect.

In this case the District Court did not indicate that it had ever considered the guidelines set forth in <u>Allies</u>, supra, when it determined that Bottomly should be awarded the $1,000 maximum established by its own local rule. The $1,000 award is not reasonable compensation in this case and the District Court abused its discretion in limiting Bottomly's compensation to this amount. Bottomly submitted an affidavit from his accountant showing that his overhead costs alone for the period of time that he worked on this case exceeded the $1,000 award, leaving nothing to be applied toward his own support. Regardless of its own local rules, a District Court must award an amount which will allow for the financial survival of the court-appointed attorney's practice, and the elements set forth in the <u>Allies</u> case must be considered when fixing a fee.

Since we have determined that the award of attorney fees in this case was unreasonable, we need not address the remaining issues raised in this appeal.

We reverse and remand this case to the District Court for a reconsideration and redetermination of the award of attorney fees following the guidelines set forth in <u>Allies</u>, supra, as modified by In re Petition to Adopt Rule, Etc., supra.

_____
Chief Justice


We concur:

_____,

_____

_____

_____

- 5 -

Daniel J. Shea

Gene B. Daly
_____
Justices