Hillsborough
No. 82-089

## THE STATE OF NEW HAMPSHIRE

v.

## MARY A. ROBINSON

August 31, 1983

*Gregory H. Smith,* attorney general (*Peter W. Mosseau,* assistant attorney general, on the brief, and *Donald J. Perrault,* assistant attorney general, orally), for the State.

*Kahn, Brown, Bruno & Durmer,* of Nashua (*Kenneth M. Brown* on the brief and orally), for the defendant.

BATCHELDER, J.   This appeal challenges the Trial Court's (*Goode, J.*) award of attorney's fees and costs associated with the representation of an indigent defendant on a misdemeanor charge. For the reasons set forth, we remand the case for redetermination of costs and fees.

In June 1981, the Superior Court (*DiClerico*, J.) appointed Attorney Kris Durmer to represent an indigent defendant, Mary A. Robinson, who had been charged with misdemeanor theft. The defendant was tried by a jury, convicted, and sentenced to the Hillsborough County House of Correction for thirty days. The case was appealed to this court, and the conviction was affirmed. *State v. Robinson*, 123 N.H. 532, 465 A.2d 1201 (1983).

At the time of Attorney Durmer's appointment, compensation paid to attorneys appointed to represent indigent defendants was governed by Superior Court Rule 104, as amended by a supreme court order which became effective May 1, 1981. In June 1982, Supreme Court Rule 47 became effective and now governs compensation to be paid to attorneys representing indigent defendants. Superior Court Rule 104, as amended, set forth the following compensation schedule: out-of-court preparation was to be compensated at an hourly rate of twenty dollars, and time spent in court was to be compensated at thirty dollars per hour; however, the maximum fee for out-of-court preparation was limited to twenty-five dollars per hour, and the maximum fee for in-court time was thirty-five dollars per hour, with a maximum of $200 per day. The supreme court order amending Superior Court Rule 104 provided that the $500 maximum fee for misdemeanor cases "shall not be exceeded."

Accordingly, the defendant's attorney in this case was limited to a maximum fee of $500. Superior Court Rule 104 also provided that investigative, expert, or other necessary services could be compensated based upon a superior court judge's finding of necessity and reasonableness. When Attorney Durmer was appointed, pursuant to this provision, the court authorized $200 of expenses to be incurred by the defense in deposing the State's key witness. *Cf. State v. Shute*, 122 N.H. 498, 505–06, 446 A.2d 1162, 1166–67 (1982) (finding of no "extraordinary circumstances" justifying award in excess of $300 for compensation of expert witness upheld on appeal).

On December 15, 1981, in a timely manner after the trial and sentencing, Attorney Durmer submitted to the court an itemized bill in the amount of $1,694.38, which consisted of $1,265 of legal fees calculated on the basis of twenty dollars per hour for out-of-court time and thirty dollars per hour for in-court time, and $429.38 for expenses associated with the case. On December 22, 1981, the trial court entered an order allowing only $500 of the aforementioned total bill. On January 29, 1982, following a hearing on the defendant's motion to reconsider the award of attorney's fees and costs, the trial court modified the award so as to include the $200 expense allowance originally approved for the cost of deposing the State's

key witness, but refused to increase the award for attorney's fees. Thus, the attorney was awarded $700, in total, for fees and expenses.

The attorney appealed this award in the name of the defendant. The attorney contends that the trial judge erred in denying attorney's fees in excess of $500; he argues that the maximum fee of $500 is an arbitrary limit which denies the defendant the right to effective assistance of counsel, as well as violates a defense attorney's rights of due process and equal protection.

■■ At the outset, we note that there is a distinction under the indigent defense compensation rule between *expenses* associated with litigation, which may be compensated upon a finding of reasonableness and necessity, and legal *fees*, which are limited to the maximum amounts set forth in the rule. Legal fees, to which the maximum figures apply, represent compensation paid to an attorney for the professional services rendered, both in court and out of court, in preparing for the defense of the indigent client he was appointed to represent. *See* BLACK'S LAW DICTIONARY 553 (rev. 5th ed. 1979); *see also People v. Block*, 337 N.Y.S.2d 153, 157 (N.Y. Crim. Ct. 1972) ("fee" means payment in return for professional services rendered). In common parlance, the compensation paid an attorney is a "fee"; this is in contradistinction to the recovery of "costs" or "expenses" incident to the litigation, which reimburses the attorney for reasonably incurred out-of-pocket expenses in defense of the case. *See* RSA 604-A:6 (as amended by Laws 1983, ch. 321, effective August 17, 1983); *see Dade County v. Strauss*, 246 So. 2d 137, 141 (Fla. Dist. Ct. App. 1971).

■ A fee for the defense of an indigent criminal defendant need not be equal to that which an attorney would expect to receive from a paying client, but should strike a balance between conflicting interests, which include the ethical obligation of a lawyer to make legal representation available and the increasing burden on the legal profession to provide counsel to indigents. *State v. Boyken*, 637 P.2d 1193, 1195 (Mont. 1981); *see Smith v. State*, 118 N.H. 764, 770, 394 A.2d 834, 838 (1978).

■■ Because the $500 limit on fees for the defense of misdemeanors, as applied in this case, may result in unfairness and unreasonableness, we hereby amend Supreme Court Rule 47 to lift the blanket limit in this instance. For all indigent defense appointments made after the date of this opinion, we revert, and Supreme Court Rule 47 is so amended, to the pre-June 1, 1982, language of Superior Court Rule 104 that "for good cause shown in exceptional circumstances" the maximum (for misdemeanors) "may be exceeded

with the approval of the trial justice." This will adequately protect both the indigent defense fund and the right of an accused citizen to effective assistance of legal counsel.

The trial court's failure to reimburse the attorney fully for the "costs" or "expenses" associated with the defense is clearly problematic. Attorney Durmer, as a consequence of defending Mary Robinson, incurred expenses amounting to $429.38, which included $203.92 for the deposition of the State's key witness, as well as subpoena fees and travel expenses.

■ The right to counsel, as guaranteed by the sixth amendment and part I, article 15 of our own constitution, would be meaningless if counsel for an indigent defendant is denied the use of the working tools essential to the establishment of a tenable defense because there are no funds to pay for these items. *People v. Gunnerson*, 74 Cal. App. 3d 370, 379, 141 Cal. Rptr. 488, 493 (1977). The State must provide the defense with these tools. *Id.*, 141 Cal. Rptr. at 493; *see State v. Shute*, 122 N.H. at 506, 446 A.2d at 1167.

■■ We agree with the Eighth Circuit Court of Appeals that lawyers have no more obligation to pay the needed expenses of a criminal defense (*e.g.*, expert witness fees, costs associated with scientific tests, investigative costs, or deposition costs) than any other class of citizens, and that to require them to do so would raise serious due process issues. *Williamson v. Vardeman*, 674 F.2d 1211, 1215 (8th Cir. 1982). "We know of no requirement of either law or professional ethics which requires attorneys to advance personal funds in substantial amounts for the payment of either costs or expenses of the preparation of a proper defense of the indigent accused." *Id.* at 1216; *Wolff v. Ruddy*, 617 S.W.2d 64, 67 (Mo. 1981), *cert. denied*, 454 U.S. 1142 (1982).

■ We further hold that the failure to reimburse an attorney who spends his own funds to purchase the reasonably necessary tools of defense is a taking of his financial resources which violates the State and Federal Constitutions. N.H. CONST. pt. I, arts. 2 and 12; U.S. CONST. amends. V and XIV. The public has the responsibility to pay for the administration of criminal justice, and the legislature or the courts have no right or legitimate reason to attempt to spare the public the expense of providing for the costs associated with the defense of an indigent by thrusting those expenses upon an individual citizen who happens to be an attorney. *See Burrows v. City of Keene*, 121 N.H. 590, 599, 432 A.2d 15, 20 (1981).

■ Because the $700 awarded by the trial court compensates the attorney for only $200 of the $429.38 out-of-pocket expenses

670

actually incurred, we remand the case for a determination as to whether these expenses were reasonably incurred. *See* RSA 604-A:6 (as amended by Laws 1983, ch. 321). The trial court is also directed to determine whether the $500 maximum fee should be exceeded for "good cause."

*Remanded.*

All concurred.