Nashua District Court
No. 85-076

## *In re* ALLEN R.

March 3, 1986

*Stephen E. Merrill,* attorney general (*Loretta S. Platt,* assistant attorney general, on the brief and orally), for the State.

*Bruno & Durmer,* of Nashua (*Kris E. Durmer* on the brief and orally), for the defendant.

SOUTER, J.   Counsel for an indigent juvenile, charged with delinquency, appeals from orders of the Nashua District Court (*Pantelas,* J.), refusing to authorize counsel to obtain certain ancillary defense services at public expense and refusing to reimburse counsel for those expenses after he had obtained them without the court's approval. We affirm in part, reverse in part and remand.

Allen R. was charged as a juvenile in the Nashua District Court with eleven acts of delinquency, RSA 169-B:2, II, which would have been class B felony burglaries if committed by an adult. RSA 635:1, II. At some time in the two weeks between the rejection of a negotiated plea and the commencement of the adjudicatory hearing, defense counsel moved for approval to hire a psychologist as an expert on *Miranda* issues and to hire a court reporter, each at public expense because of the juvenile's indigence. *See* RSA 604-A:6 (Supp. 1983).

Although the parties disagree about the date of defense counsel's request, the court found that counsel failed to file the motions before the day of the adjudicatory hearing. It is undisputed, however, that counsel did not wait for a ruling on the motions before retaining a psychologist and a court reporter; nor is it disputed that the Court (*Pantelas,* J.) denied the motions just before the commencement of the adjudicatory hearing. It appears from the judge's memorandum, which has been included in the record, that he noted that counsel could obtain the services of a psychologist from the local community mental health agency at a cost reflecting the juvenile's financial cir-

cumstances, and that the court would provide a tape recording of the proceedings in lieu of a court reporter's record.

Counsel proceeded with the hearing, using the court reporter and calling the psychologist whom he had engaged. The Court (*Lynch*, J.) dismissed nine of the eleven charges, after suppressing the juvenile's confession on *Miranda* grounds. The judge acknowledged that he accepted the psychologist's testimony as dispositive on this issue.

Thereafter, defense counsel submitted a bill for reimbursement of his expenses in hiring the psychologist and the reporter. When the Court (*Pantelas*, J.) refused to approve payment, counsel filed a motion for reconsideration, which the Court (*Pantelas*, J.) denied. This appeal followed.

Although jurisdiction of the case below was in the district court, rather than the superior court, the parties assume that the standards of RSA 604-A:6 (Supp. 1983) apply. *See* RSA 604-A:1 (Supp. 1983). RSA 604-A:6 (Supp. 1983) provides in part that when counsel has been appointed to represent an indigent

> "who is financially unable to obtain investigative, expert or other services necessary to an adequate defense . . . , counsel may apply therefor to the [trial] court; and, upon finding that such services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel to obtain the necessary services on behalf of the defendant. The [trial] court may, in the interests of justice and upon finding that timely procurement of necessary services could not await prior authorization, ratify and approve such services after they have been obtained. The [trial] court shall determine reasonable compensation for the services and direct payment [for them]."

Counsel also assume the applicability of the similar standards of Supreme Court Rule 47, which reads in part that "[i]nvestigative, expert or other necessary services may be compensated upon a finding of necessity and reasonableness by [the trial c]ourt."

■ The statute and court rule thus provide that an indigent is entitled to the services necessary for an adequate defense, at reasonable cost to the public, as guaranteed by both State and National Constitutions. *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *State v. Campbell*, 127 N.H. 112, 115, 498 A.2d 330, 332 (1985); *State v. Shute*, 122 N.H. 498, 501–02, 446 A.2d 1162, 1164 (1982). The statute requires that counsel request the trial court's prior authorization to obtain such services where there is sufficient time to do so.

The facts as stated above indicate that the court might have raised one or more of four issues about counsel's requests in this case: the timeliness of counsel's request, the general or specific need for the services, or their reasonable value. Although the ruling on the motion for reconsideration noted that counsel had failed to obtain prior authorization, the court held no hearing on this motion, and we can not give weight to its purported resolution of a disputed factual matter. Since the court did not find untimeliness when originally ruling on counsel's request, we will not consider the timeliness issue further. We may also eliminate any issue of need generally for a record of the proceedings or for a psychologist to advise defense counsel and to testify, since the court did not question such general need. *See Ake v. Oklahoma*, 105 S.Ct. 1087 (1985); *State v. Campbell supra.*

The court did, however, question the specific need to hire a court reporter to provide the record. Because the court would provide a taped recording of the proceedings, it refused to authorize the use of public funds to make a further record. The court also questioned the reasonableness of the anticipated fee of the psychologist named by the defendant, because the court found that the local mental health agency, after considering the juvenile's indigent status, could provide a psychologist at a fee presumably lower than what the designated psychologist would charge. The court ratified these decisions by refusing to grant counsel's post-trial requests for reimbursement.

The issue before us in the instance of each refusal is therefore whether the court's reasoning justified its decision, or whether the court abused its discretion in refusing to authorize payment of any funds. The refusal of funds for a court reporter raises no serious problem. While defense counsel believed, perhaps with reason, that the court's tape recording would be of poor quality, nothing in the record indicates that it would be unintelligible as a basis for a later transcript. The court did not, therefore, abuse its discretion in refusing the request for expenses for the court reporter.

The court's ruling on the request to retain a psychologist is more troublesome. The apparent point of the court's decision was that counsel could obtain a psychologist at a fee lower than the market rate. Viewed in isolation, this insistence on economy was unquestionably proper. Counsel could have responded by seeking a continuance, if he needed one, to provide time for inquiry to the mental health agency and for consultation with a psychologist if one was available. *See In re Russell C.*, 120 N.H. 260, 268, 414 A.2d 934, 938 (1980).

■ Since, however, the juvenile and his counsel did not seek such a continuance, the question is whether the court acted reasonably in denying all reimbursement for the fee of the psychologist whom counsel had retained, particularly in view of the court's express finding that the psychologist's testimony was crucially significant in leading to the dismissal of nine of the charges. Because the court's concern was to limit the cost of the psychological services to the amount that the mental health agency would have charged, we believe that it was unreasonable to refuse funds up to that amount. There being no question of the need for such services or the importance of the services actually provided, we remand for a determination of the amount that the mental health agency would have charged for them and for the entry of an order approving the reimbursement of counsel to that extent, if any.

Although this ruling may result in some reimbursement, we realize that it falls short of what counsel contends is constitutionally mandated. Counsel relies on *State v. Robinson*, 123 N.H. 665, 465 A.2d 1214 (1983) in contending that any failure to reimburse him in full for the expenses he incurred will result in a taking of his property to satisfy the public's constitutional obligation to provide indigent defense services. His argument appears to be that if the purpose of his expenditure was the defense of his client, the State is unconditionally obligated to reimburse him. This position, however, rests on a misreading of *Robinson*, as we will explain.

■■ In *Robinson* we recognized the guarantees of both State and National Constitutions, that an indigent criminal defendant is entitled at public expense to the services that provide "the working tools essential to the establishment of a tenable defense," *State v. Robinson, supra* at 669, 465 A.2d at 1216, and without which the right to counsel would be meaningless. *See* U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 15. Accordingly, we held that "the failure to reimburse an attorney who spends his own funds to purchase the reasonably necessary tools of defense is a[n unconstitutional] taking of his financial resources." *State v. Robinson supra; see* N.H. CONST. pt. I, arts. 2 and 12; U.S. CONST. amends. V and XIV.

*Robinson* did not hold, however, that counsel is entitled to reimbursement for unnecessary or unnecessarily high expenses. Nor did *Robinson* imply that counsel's judgment should control on the issues of need and reasonable cost. Nothing in *Robinson* casts doubt on the constitutionality of those provisions of RSA 604-A:6 (Supp. 1983) that limit public liability to what the court finds to be the reasonable cost of necessary services.

■■ These limitations, like the general statutory requirement of prior authorization, express a legislative judgment that the State's obligation to provide ancillary defense services is not a blank check on the public fisc, to be drawn in whatever amount the zeal or caution of counsel may dictate. They provide mechanisms to limit public expenses to what our Constitutions demand; they are not unreasonable burdens on the rights of juvenile respondents, criminal defendants, or their counsel. It is not, therefore, a taking of counsel's property to deny him reimbursement for the costs of defense services that the trial court has reason to find were unnecessary or unnecessarily expensive.

We remand for a determination of appropriate reimbursement, if any, consistent with this opinion.

*Affirmed in part; reversed in part; remanded.*

All concurred.