Belknap
No. 2002-695

THE STATE OF NEW HAMPSHIRE

v.

DAVID EASTMAN

(APPEAL OF DAVID H. BOWNES)

Argued: July 10, 2003
Opinion Issued: October 8, 2003

*Brennan, Caron, Lenehan & Iacopino*, of Manchester (*Michael J. Iacopino* on the brief and orally), for the appellant.

*Peter W. Heed*, attorney general (*Susan P. McGinnis*, attorney, on the brief and orally), for the State.

NADEAU, J. The appellant, David H. Bownes, attorney for David Eastman, appeals a decision of the Superior Court (*Smukler*, J.) denying a motion to exceed maximum counsel fees under Supreme Court Rule 47 (Rule 47). We affirm.

The record supports the following facts. On March 22, 2002, the superior court appointed Bownes as counsel to Eastman, who had been represented at various times by at least three other attorneys. Eastman was charged with felony counts of aggravated felonious sexual assault and one misdemeanor count of sexual assault. Bownes represented Eastman through the completion of trial, which terminated July 12, 2002.

On August 2, 2002, Bownes filed a motion to exceed maximum fees pursuant to Rule 47. Bownes completed an attorney's statement of fees, which totaled $9,376.55 for 133.7 hours of work by counsel and 34.3 hours of work by his paralegal. The superior court issued an order denying the motion without any explanation. Bownes filed a motion to reconsider in which he requested a hearing and reconsideration of the matter, or, alternatively, articulation of the court's reasoning. The superior court denied Bownes' motion without articulating its reasoning.

On appeal, Bownes argues that the superior court's failure to exercise its discretion under Rule 47 is unsustainable, in part, because the trial judge summarily denied Bownes' motion without any express findings or a hearing and failed to explain his reasoning. In the alternative, Bownes contends that if the court did, in fact, exercise its discretion under Rule 47, that exercise of discretion is not sustainable because good cause and exceptional circumstances warrant the payment of fees exceeding the maximum amount allowed under this rule.

The version of Rule 47 in effect at the time Bownes filed his motion to exceed maximum fees provided, in pertinent part:

(2) *Fees.* Maximum compensation is limited as follows:

(a) Time properly chargeable to case: $60 per hour. The paralegal hourly rate shall not exceed $35.00 and shall be included with fees of counsel for the purposes of determining the maximum fee on any case. Travel time is not a compensable event unless expressly authorized by the court in advance for exceptional circumstances.

(b) Maximum fee per day (for all cases): $400.

(c) Maximum fee for misdemeanors: $1,000.

(d) Maximum fee for felonies: $3,000.

. . . .

Only upon an express, written finding of good cause and exceptional circumstances by the court will the maximum fees be exceeded or will additional fees be authorized. All petitions

> to exceed the maximum fee guidelines must be approved prior to the guidelines being exceeded.

SUP. CT. R. 47(2) (amended 2002).

■ In contrast, the current version of Rule 47 permits the trial court to "waive the requirement for prior approval when justice so requires." SUP. CT. R. 47(2) (effective Oct. 11, 2002). Inasmuch as the old version of Rule 47 controls the outcome of this case, the trial judge was justified in refusing to consider Bownes' motion because it was untimely. *See* SUP. CT. R. 47; *cf. In the Matter of Nyhan and Nyhan*, 147 N.H. 768, 770 (2002).

■ Because trial judges may have occasion in the future to exercise their discretion to approve additional fees upon an express written finding of good cause and exceptional circumstances, we will address that issue. In determining the reasonableness of the fee charged, judges should consider, among other criteria, the following:

1) responsibilities involved measured by the magnitude and importance of the case;

2) manner in which duties were performed;

3) knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel;

4) nature of counsel's practice and injury thereto;

5) any extraordinary pressure of time or other factors under which services were rendered; and

6) any other circumstances relevant and material to a determination of a fair and reasonable fee.

*United States v. Johnson*, 214 F. Supp. 2d 488, 491 (E.D. Pa. 2002) (quotation omitted). In *Johnson*, the court adopted these criteria after an analysis of the Criminal Justice Act, which sets forth standards for payment of appointed counsel. *See id.*; 18 U.S.C. § 3006A(d)(3) (2000). The policy behind this act is to furnish competent counsel to those who could not afford one and to ensure that those attorneys who accept appointments do not suffer economic hardship. *See United States v. Carnevale*, 624 F. Supp. 381, 383-84 (D.R.I. 1985). To balance these interests, the Criminal Justice Act provides that maximum fee compensation may be exceeded in cases of "extended or complex representation" when the trial judge or magistrate certifies that excess payment is necessary to provide fair

compensation and the payment is approved by the chief judge of the circuit. 18 U.S.C. § 3006A(d)(3) (2000).

■ The determination of fair compensation is a fact-specific inquiry based upon the circumstances of the attorney and defendant involved, and the situation surrounding both the appointment and the retention of counsel. *United States v. James*, 301 F. Supp. 107, 117 (W.D. Tex. 1969). Judicial experience must guide this determination. *United States v. Diaz*, 802 F. Supp. 304, 308 (C.D. Cal. 1992).

■ A fee for the defense of an indigent defendant need not be equal to that which an attorney would expect to receive from a private client, but should strike a balance between conflicting interests, which include the ethical obligation of a lawyer to make legal representation available and the increasing burden on the legal profession to provide counsel to indigents. *State v. Robinson*, 123 N.H. 665, 668 (1983).

We set forth these criteria today to guide trial judges in their determination of fair compensation once good cause and exceptional circumstances have been found to exist. Here, however, because the old version of Rule 47 controls the outcome of this case, the trial judge was justified in denying Bownes' motion as untimely without further explanation. Accordingly, we affirm.

*Affirmed.*

DALIANIS and DUGGAN, JJ., concurred.