**Otis SCRUGGS et al., Appellants,**

**v.**

**HOUSTON LEGAL FOUNDATION, Appellee.**

**No. 15826.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 6, 1972.

Rehearing Denied Jan. 27, 1972.

Herbert Finkelstein, Dan Wolfe, Houston, for appellants.

Curtiss Brown, Joe G. Roady, Houston, for appellee.

COLEMAN, Justice.

Appellants seek to enjoin appellee, its agents, servants, and employees, from en-gaging in the practice of law. At the close of the evidence, after both sides had rested, the court withdrew the case from the jury and entered a judgment that the plaintiffs take nothing.

The Houston Legal Foundation is a non-profit corporation, organized for charitable and educational purposes, the primary charitable purpose being that of providing legal counsel for the indigent of Houston and Harris County, Texas, pursuant to standards set forth in a formal Statement of Principles and guidelines established by the Office of Economic Opportunity (O. E.O.) for the performance of legal services to the poor under the Economic Opportunity Act of 1964.

The Foundation was established as an effort by the Houston Bar Association to furnish private attorneys to represent indigents accused of crime. With the advent of the War on Poverty program, and with the Office of Economic Opportunity established by the United States Government to provide funds for legal services to the poor in civil matters, the Foundation qualified as an O.E.O. delegate agency, and, with funds made available by O.E.O. through the local Community Action Program agency, began offering legal assistance to the poor in civil matters. The Foundation has virtually curtailed its programs in the field of assistance to the poor charged with criminal activities because of the lack of funds.

The Foundation has employed twenty-three lawyers, and an appropriate supporting staff, and has established seven area "Neighborhood Law Offices", and a downtown central office. Supervisory control over the routine activities of the Foundation is exercised by the Board of Trustees. The Director, employed by the Board, is the executive charged with responsibility for the operation of the corporation. He hires all employees, including the lawyers, and has the power to discharge them. The lawyers receive a stated monthly salary

and fringe benefits, and are required to work regular hours at an office assigned by the director. Cases are assigned to the various lawyers at random, but the Director may reassign cases under certain circumstances. The lawyers are subject to limited supervision, but not of such a nature as to infringe on the lawyer-client relationship.

Guidelines have been established by the Foundation for the determination of eligibility for recipients of free legal aid. Where representation is denied an applicant by a staff lawyer, a procedure for an appeal is provided. There is no evidence that the established guidelines are not appropriate and realistic.

The position of appellants is fairly presented in their brief by this statement:

". . . Defendant concedes that the foundation as a corporation does not have a license to practice law. The lawyers it employs do, of course, have licenses. The foundation has no affairs requiring it to employ a staff of lawyers; its lawyers are employed to represent 'the poor' in their litigation with third persons.

"It is the plaintiff's contention that the foundation is accordingly practicing law in violation of Art. 320a–1, Vernon's Revised Civil Statutes."

On a previous appeal of this case the Supreme Court of Texas established certain guidelines to be followed at a subsequent trial on the merits. Touchy v. Houston Legal Foundation, 432 S.W.2d 690 (Tex.1968). There the court said:

"If, on the trial of the case, it is established by competent evidence that the Foundation is truly a legal aid society which acts merely as a conduit or intermediary to bring the attorney and client together and does not purport to control or exploit the manner in which the attorney represents his indigent client, the op-

erations and activities of the Foundation should not be held to be in violation of Article 320a–1, Vernon's Annotated Civil Statutes, which provides that 'all persons not members of the State Bar are hereby prohibited from practicing law in this State.' Azzarello v. Legal Aid Society of Cleveland, 117 Ohio App. 471, 185 N. E.2d 566 (1962). . . . :

"·  ·  ·  ·

"The petitioners will also have the burden of pleading and proving that the practices of the Foundation are demeaning to the profession and harmful to the plaintiffs. The United States Supreme Court has recently written several cases with respect to this issue—United Mineworkers of America v. Illinois State Bar Ass'n, 389 U.S. 217, 88 S.Ct. 353, 19 L. Ed.2d 426 (1967); Brotherhood of Railroad Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964); N.A.A.C.P. v. Button, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). In these cases, programs were challenged on the grounds that they violated the Canons of Ethics and constituted unauthorized practice of law. While holding against the imposition of state regulation in each case, the Supreme Court recognized, in each of the opinions, that objectionable conduct can be enjoined so long as the conduct complained of is truly harmful to the profession and the public. In seeking to enjoin interviewing in the Harris County jail, operation of the Lawyer Referral Service, and advertising by the Foundation, it is incumbent on petitioners to demonstrate that the conduct of which they complain is truly harmful and demeaning."

There is no evidence that the Foundation attempts or purports to control or exploit the manner in which the attorneys in its employ represent their indigent clients. The business of the Foundation is to employ competent lawyers and to make them available without charge to advise and rep-

resent the indigent people of Harris County. The Foundation does not purport to act for these people or to advise them. No pleadings or other legal instruments are signed in its name. The evidence establishes without contradiction that the Foundation is truly a legal aid society which acts merely as a conduit or intermediary to bring the attorney and client together.

The evidence demonstrates the applicability to this case of that language found in Azzarello v. Legal Aid Society of Cleveland, 117 Ohio App. 471, 185 N.E.2d 566 (1962), reading:

". . . The funds under control of the Society are in no sense to be considered as its assets. The Society is only the channeling agency through which the funds of donors or public departments are given in response to a recognized public need. The Society, in carrying out its part in this necessary endeavor is not attempting to practice law or in its own interest acting as an intermediary for such purpose."

No evidence was offered to show that the practices of the Foundation are demeaning to the profession or harmful to the profession or the public. The testimony in the form of an opinion that certain lawyers had suffered ·a reduction in the volume of their domestic relations practice by reason of the existence of the neighborhood law offices amounts to no more than a scintilla of evidence. Proof of loss of income which might otherwise have been gained from indigent clients would not be a sufficient basis for an injunction in this case. There must be evidence of illegal or improper conduct on the part of the Foundation.

Appellants have failed to produce evidence which would entitle them to the relief sought. The only contention made here, that because the corporation employs lawyers to represent others it is practicing law, is not sound. They have not attempted to meet the tests set down by the Supreme Court of Texas in Touchy v. Houston Legal Foundation. No fact issues were raised for submission to the jury. The trial court did not err in withdrawing the case from the jury and in entering judgment refusing the injunctive relief sought.

Affirmed.

BELL, C. J., disqualified and not participating.