GRAY COUNTY, Texas, Appellant,

v.

WARNER & FINNEY, Appellees.

No. 07–86–0093–CV.

Court of Civil Appeals of Texas, Amarillo.

Feb. 20, 1987.

On Rehearing March 27, 1987.

Robert D. McPherson, Co. Atty., Pampa, for appellant.

Warner & Finney, John W. Warner, Pampa, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

This appeal is the result of an order setting payment of attorney's fees based on an hourly rate in a criminal case involving an indigent defendant. In one point, appellant Gray County says the trial court erred in rendering summary judgment for such fees in favor of appellees Warner & Finney, attorneys. We reverse the judgment and remand the cause for new hearing.

The focal point of this dispute is the factors that may be considered by a judge in setting attorney's fees for a criminal defendant pursuant to the provisions of Tex.Code Crim.Proc.Ann. art. 26.05 (Ver-

non Pamp.Supp.1986).* That article provides:

Art. 26.05. [494a] Compensation of counsel appointed to defend

Section 1. A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:

(a) For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50;

(b) For each day in court representing the accused in a capital case, a reasonable fee to be set by the court but in no event to be less than $250;

(c) For each day or a fractional part thereof in court representing the indigent in a habeas corpus hearing, a reasonable fee to be set by the court but in no event to be less than $50;

(d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500;

(e) For the prosecution to a final conclusion of a bona fide appeal to a court of appeals or the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee to be set by the court but in no event to be less than $500.

Sec. 2. The minimum fee will be automatically allowed unless the trial judge orders more within five days of the judgment.

Sec. 3. All payments made under the provisions of this Article may be included as costs of court.

Sec. 4. An attorney may not receive more than one fee for each day in court, regardless of the number of cases in which he appears as appointed counsel on the same day.

In this case, appellee John W. Warner was appointed to defend one Richard Lee Schreckhise in a murder case. Warner is the sole employee and stockholder of John W. Warner, P.C., which is a partner in the law firm of Warner & Finney, attorneys. He was assisted in his efforts by an associate of the firm, Mark B. Fitzgerald. At the time of his activities included in the fee allowance, Fitzgerald had graduated from law school but had not yet been admitted to the bar.

On October 16, 1984, Grainger W. McIlhany, Judge of the 31st District Court, ordered that appellees be paid an attorney's fee of $75 per hour for 180.75 hours which Warner and his associate spent on the case. The total fee allowed was $13,556.25. In addition to that amount, Warner was allowed $333.20 for reimbursed expenses for a grand total of $13,889.45. When the bill was sent to appellant, an itemization was requested and furnished to it. The order not having been honored by June 18, 1985, the instant suit was filed by appellees.

On December 20, 1985, appellees filed their motion for summary judgment. With the motion they filed the affidavits of Warner and District Judge McIlhany. In his affidavit, inter alia, Mr. Warner refers to a conversation in which the judge told him that, had he known Fitzgerald was not a licensed attorney at the time the fee was set, he, the judge, would have allowed only $50 per hour for Fitzgerald's time. Since, he says, Fitzgerald spent 33.5 hours on the case, this would reduce the fee to $13,051.95. He says that if the judge had the lawful authority "to reduce our bill fourteen months later," appellees would be "willing to abide by his statement to me."

In his affidavit, Judge McIlhany, inter alia, says that he would have allowed a fee of $50 per hour for Fitzgerald's time rather than $75 per hour, and appellant "is thus indebted to Mr. Warner's law firm for the

* Future references to articles are to those articles of the Texas Code of Criminal Procedure.

sum of $13,051.95 for the work through the trial court and expenses incurred at that time." The affiants, in both affidavits, say the fee allowed was reasonable.

Appellees also filed, subsequent to the motion, the affidavit of David Hamilton, who at the time was an assistant district attorney in Gray County. In essence, he says the case was complicated and 180.75 hours was reasonable "in investigation, preparation and trial of this matter."

In argument under its point, appellant initially argues that since article 26.05 speaks only in terms of *days* in court, it does not authorize the judge to set a fee based upon a "rate per hour" or which includes time spent in out-of-court research, investigation, etc. Moreover, appellant reasons, in the order the court attempted to include an hourly compensation for Fitzgerald, who, neither having been appointed as defense counsel nor having been admitted to the bar, should not have been included. That being the case, says appellant, the award was in error and, more than five days having passed since the criminal judgment, article 26.05(2) must be implemented and appellees awarded the minimum fee allowed for "each day" in court. We disagree.

In its essence, *i.e.,* the grant by the legislature to a judge to set compensation, article 26.05 is similar to the statute considered by this Court in *Commissioners Court of Lubbock County v. Martin,* 471 S.W.2d 100 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). Indeed, since the statute considered in *Martin* provided for the advice and consent of the Commissioners Court while article 26.05 makes no such provision, the authority granted under article 26.05 to set attorney's fees may, arguably, be even broader than that considered in *Martin.* In any event, the reasoning of this Court in that case is analogous and applicable to the question in this case.

■ In *Martin,* we held that a determination by a judge of a fee authorized by legislative delegation carries with it a presumption of reasonableness. If a Commissioners Court objects to the payment of such a fee, they must bear the burden of showing that the judge's action was so unreasonable, arbitrary, or capricious as to amount to an abuse of discretion. *Id.* at 108. Likewise, an order entered by the court under the authority of article 26.05 is presumed to be reasonable and must be allowed unless the Commissioners Court can show that the order is so unreasonable, arbitrary, or capricious as to amount to an abuse of discretion.

As appellant points out, the statute by its terms, as material to this appeal, refers to fees to be set "[f]or each day or a fractional part thereof in court." It is this provision, it says, that gives impetus to its argument that the judge's order reviewed here does not comply with that statutory requisite. Consideration of that argument requires that we first note that constitutionally, appointment of counsel is required at every stage of criminal proceedings where substantial rights may be affected, *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 256, 19 L.Ed.2d 336 (1967); *Ex parte Morse,* 591 S.W.2d 904, 905 (Tex.Crim.App. 1980), and that counsel must provide constitutionally satisfactory representation. The test to be applied in determining whether such counsel provided such constitutionally satisfactory services is the "reasonably effective assistance" standard. *Ex parte Dunham,* 650 S.W.2d 825, 826 (Tex.Crim. App.1983).

■ Among the factors to be considered in determining whether a counsel's representation meets that test are (1) the amount of time spent in preparation of the defense, (2) whether advice was given which would promote an understanding of the law in relation to the facts, and, (3) whether the advice was reasonably competent. *Ex parte Morse,* 591 S.W.2d at 905. In that connection, the Court of Criminal Appeals has recently specifically noted that a criminal defense lawyer must have a firm command of the facts of the case as well as governing law, before he can render reasonably effective assistance to his client, and, in furnishing such assistance, counsel must make an independent examination of the facts, circumstances, pleadings, and laws involved. A necessary corollary of

this notion, the Court went on to say, is that counsel also has a responsibility to seek out and interview potential witnesses. *Ex parte Duffy*, 607 S.W.2d 507, 516–17 (Tex.Crim.App.1980).

■ It readily appears that a lawyer's actual appearance in court is but the tip of the iceberg of his court-mandated representation and ancillary constitutional responsibilities to his client. It is, moreover, evident that that court appearance alone cannot come close to the fulfillment of an attorney's obligation. No effective court appearance can be made without the pretrial investigation and legal research commented upon by the *Duffy* court. Those pretrial and trial activities are so inextricably intermixed and intermingled as to be incapable of segregation in the determination of a proper fee for in-court representation. Considering this, it becomes obvious that in properly evaluating and determining the legislatively mandated "reasonable fee" for court appearances, a presiding judge must consider the necessary out-of-court time spent to enable appointed counsel to provide his client the constitutionally required "reasonably effective assistance" in in-court appearances. To hold otherwise would be to emasculate a judge's ability to set such a fee for services that the judge must require an attorney to perform for an indigent defendant in order to meet constitutional standards. Moreover, and pragmatically, an inability to compensate appointed attorneys for requisite out-of-court preparation for in-court appearances would inevitably result in a diminution of time spent on that preparation, resulting in a constitutionally impermissible invidious discrimination against indigent appellants.

It is in the light of the above explication that we consider the record in this case. Moreover, since this is an appeal from a summary judgment, we must give implementation to the litany of rules governing such appeals. In an appeal from a summary judgment, that judgment should be affirmed only if the judgment establishes a right thereto as a matter of law and the movant must show that it is entitled to the judgment by reason of the matters set out

in the motion. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 673 (Tex.1979); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex. 1970); *Harrington v. Young Men's Christian Association of Houston*, 452 S.W.2d 423, 424 (Tex.1970). The burden of demonstrating the lack of a genuine issue of material fact is upon the movant and all doubts are resolved against him. *Womack v. Allstate Insurance Company*, 156 Tex. 467, 296 S.W.2d 233, 235 (1956); *Durham v. Cannan Communications, Inc.*, 645 S.W.2d 845, 852 (Tex.App.—Amarillo 1983, writ dism'd) (opinion on motion for rehearing); *Lindley v. Smith*, 524 S.W.2d 520, 523 (Tex.Civ.App.—Corpus Christi 1975, no writ). However, with the exception of an attack on the legal sufficiency of the grounds expressly raised by the movant in his motion for summary judgment, the nonmovant must expressly present to the trial court any reasons seeking to avoid movant's entitlement, and must present summary judgment proof when necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d at 678. The issues required to be so expressly presented are those pointed out to the trial court in written motions and written answers and responses to the motions. Pleadings do not constitute summary judgment proof and are not to be considered in determining whether fact issues are expressly presented in summary judgment motions. *Id.*

No copy of any order actually executed by the trial court awarding appellees attorney's fees appears in the summary judgment proof. In attorney Warner's affidavit attached to the motion for summary judgment, he recites that the trial judge, in open court, "ordered that my firm would be compensated at the rate of $75.00 for all time spent in connection with the case either by myself and by Mark B. Fitzgerald with the exception that the time spent in court by Mark B. Fitzgerald would not be compensated." In pursuance of that order, he continues, he submitted a bill, and another more itemized bill, to appellant. He continues with a recitation of facts justify-

ing the number of hours spent upon the case.

Appellees' motion is also supported by an affidavit of the trial judge reciting that he ordered that appellees be paid an hourly fee in language similar to that quoted above from Mr. Warner's affidavit. However, the judge went on to say that a bill indicating the number of hours spent by Warner in the case was approved by him and sent on to appellant for payment. He also stated his belief that the time that Fitzgerald spent in preparation for trial was time that Warner would otherwise have been required to spend. Moreover, the judge recited that the fee set by him was a reasonable one and commensurate with Warner's trial experience. He did go on to say that, had he known that Fitzgerald had not been admitted to the bar at the time of his assistance to Warner, he would have allowed a lesser amount for that time which would have reduced the fee from $13,556.25 to $13,051.95.

Additionally, there was filed the affidavit of David Hamilton, the prosecuting attorney in the case in question. In that affidavit he recited that he estimated some 500 hours were spent by the various representatives of the State in preparation for the trial of the instant case. Of that amount, he estimated that he personally spent between 125 and 150 hours in such trial preparation. Because of the complexity of the case, he went on to say, in his opinion the amount of time spent by each side was reasonable and necessary "in order to represent either side adequately in this case."

In opposition to the motion, appellant filed a response in which it asserted that the motion should be denied because:

1. A judge has no authority to set an hourly rate for counsel appointed to defend;

2. A judge cannot appoint counsel to defend and then authorize payment to other members of that individuals [sic] law firm;

3. A judge cannot authorize payment for time other than time in Court;

4. An attorney cannot seek attorney fees when the basis of the cause of action is based upon attorney fees;

5. Estoppel cannot be used to create a cause of action;

6. The fee is unreasonable as to total amount of award and as to time spent in out of court preparation and research; and

7. The minimum fee should be allowed under Article 26.05 of the Texas Code of Criminal Procedure to be paid by the County.

With the response was filed the affidavit of appellant's county attorney which merely, without any factual recitations and in a conclusory manner, restated appellant's contentions.

Recapping, the summary judgment evidence was uncontroverted that the trial judge had approved and forwarded to appellant an order for payment of an attorney's fee of $13,556.25, and reimbursable expense of $333.20. That fee was arrived at by allowing $75 per hour for the activities of the appointed lawyer or another under his direction performing activities that would otherwise have had to have been performed by the appointed lawyer himself.

In his affidavit, the trial judge recited that he was familiar with the activities of the appellees in the case and that the case was a difficult and complex one. He said he had been on the bench for nineteen years and presided over "several hundred" felony cases in that period. He went on to expressly state that the fee set by him was reasonable. The judge's conclusion as to the complexity of the case and the reasonableness and necessity of the time spent was also supported by the affidavit of David Hamilton, a disinterested party.

■ As we have noted above, no copy of any order actually executed by the trial court appears in the record. However, from the affidavits and other summary judgment evidence, it does appear that the fee allocated was strictly and simply set on a per hour basis. For the reasons we have set out above, we hold that a trial court, in its assessment of a reasonable fee to be

paid for an attorney's in-court representation, may consider reasonably necessary out-of-court time spent by an attorney as a *factor* in the determination of that fee. The question whether the trial court could properly consider the time spent by Fitzgerald under the direction of appellees, as an additional factor in its determination, is not a clear one. However, we conclude that under circumstances such as those existent in this case, the judge may properly have done so. The undisputed summary judgment evidence was that Fitzgerald's activities were performed under appellees' supervision and, most significantly, were for *legal* activities which the appointed attorney would otherwise have been required to perform. Nevertheless, by statutory directive, the fee actually assessed, after consideration of all allowable factors, must be for "each day or fractional part thereof in court." This record does not show that the fee here in question was finally allocated on that basis.

█ It is that defect in form, which gives rise to appellant's argument that the effect is the same as if no order at all was made thus requiring the implementation of that portion of article 26.05(2) directing that a minimum fee be paid for each day in court. We disagree with that argument.

Section 2, by its terms, says that a minimum fee be automatically allowed "unless the trial judge orders more within five days of the judgment." The undisputed evidence in this case is that the trial judge did "order more" within five days of the judgment. The fact that the order may have been incomplete in that it did not relate the allowable factors considered to each day or fractional part thereof spent in court, does not change that obvious fact and to hold otherwise would be to effect an obvious inequitable result. However, the failure of the record to show an order ordering payment on an in-court basis does require reversal of the judgment entered.

The judgment of the trial court is, therefore, reversed and the cause remanded to the trial court. Upon remand, appellees shall have the right, to be exercised after the receipt by the district clerk of the man-

date in this case, to secure and file with the district clerk a supplemental order from the appointing judge assessing, after consideration of the factors we have held permissible, a reasonable attorney's fee for each day or fractional part thereof appellees spent in court representing Schreckhise. Upon the filing of such order, the parties shall have the right to file any additional pleadings which they may deem necessary to properly posture the issues for decision in this cause.

## ON MOTION FOR REHEARING

In their motion for rehearing, appellees say this Court should grant their motion because (1) a supplemental order has been entered by the trial court which meets the guidelines set out in our original opinion; (2) our original opinion constitutes a constitutionally impermissible limitation on the trial court's inherent duty to determine attorney's fees for counsel appointed to defend indigents; and (3) because a trial court's order awarding attorney's fees should not be set aside unless the trial court's action was so unreasonable, arbitrary, or capricious as to amount to an abuse of discretion.

Our discussion of appellees' first point requires us to note that, on March 6, 1987, the appointing trial judge did indeed execute an order which relates the fee allowed, after consideration of the allowable factors, to the days or fractional part thereof actually spent in court. That order now meets the requisites of Tex.Code Crim.Proc.Ann. art. 26.05 (Vernon Pamp.Supp.1987). Moreover, with the order both parties have filed a stipulation agreeing that neither side has any additional information to present either to us or the trial court and that we should consider the original trial court's supplementary order "for any purpose while considering the Appellee's Motion for Rehearing."

In view of the supplemental order and the above stipulation, we have concluded that the trial court's supplemental order cured the deficiency in its original order and the instant judgment should now be affirmed. Nothing in the summary judg-

ment evidence is sufficient to raise any fact issue as to whether the award made by the trial court is so unreasonable, arbitrary, or capricious as to amount to an abuse of discretion. Moreover, the factors shown by the summary judgment evidence to have been considered by the court in setting its award are, as we stated in our original opinion, permissible and within that court's discretion. Appellees' first point is sustained.

■ Appellees, in their second point, seek to raise a constitutional issue as to the impact of Tex.Code Crim.Proc.Ann. art. 26.-05 (Vernon Pamp.Supp.1987) upon a trial court's ability to reasonably compensate an attorney appointed to represent an indigent defendant. However, that issue was not raised in this Court prior to the submission of this appeal, and it is therefore deemed to have been waived. *Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807, 813 (1959); *Mabe v. City of Galveston,* 687 S.W.2d 769, 771 (Tex.App.—Houston [1st Dist.] 1985, writ dism'd). Appellees' second point is overruled.

The disposition which we have made of appellees' first and second points in this motion for rehearing pretermits the necessity for discussion of the third point. In summary, the joint motion to file and consider the supplemental trial court order is granted, and appellees' motion for rehearing is granted. This action necessitates that our February 20, 1987 judgment of reversal and remand be, and it is hereby, set aside.

Accordingly, the judgment of the trial court is affirmed.