

# THE ATTORNEY GENERAL
## OF TEXAS

October 1, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Emory C. Walton
Criminal District Attorney
Eastland County Courthouse
Eastland, Texas   76448

Opinion No. JM-803

Re: Whether a court-appointed counsel may be compensated for services rendered and expenses incurred prior to the time of appointment and related questions

Dear Mr. Walton:

You request an opinion concerning the application of article 26.05 of the Code of Criminal Procedure to a claim for attorneys fees submitted by an attorney appointed to defend an indigent criminal defendant. We provide a chronology of events in this matter based on the information you furnished to us, as follows:

### Chronology

**January 3, 1986:** Defendant is one of several persons indicted in a complex case involving serious felony charges. Attorney whose fees are in question appears as co-counsel shortly after indictment.

**Early 1987:** Attorney is left as sole counsel, after co-counsel is permitted to withdraw.

**March 12, 1987:** Affidavit is filed by attorney requesting appointment as counsel.

**April 1, 1987:** At pre-trial hearing, attorney announces that he is appearing for defendant _pro bono_.

**April 2-3, 1987:** Following hearing, attorney is appointed to represent defendant, as indigent pursuant to article 26.04 of the Code of Criminal Procedure.

April 15, 1987:  Attorney files fee request, stating that he has represented defendant since September 1986, and setting forth, "in general terms," basis for claim of $17,010.00 for counsel fees and expenses.

April 15, 1987:  Visiting judge in case issues order approving fee request in toto.

May 8, 1987:  Attorney submits judge's order as a claim to the county auditor.  The county auditor declines to present the claim to the county commissioners for approval of payment because of reservations about the "nature and amount of the claim."

May 18, 1987-June 5th, 1987:  Trial of defendant.

You ask for our opinion on two questions:

1.  Can counsel, who has represented a defendant at various stages of the criminal proceedings and is then appointed by the court to represent the defendant after an evidentiary hearing shortly before trial, be compensated for attorney fees and legal services he rendered and reimbursed for expenses he incurred in the subject cause prior to the time of his appointment by the court as counsel for the defendant?

2.  Does the subject claim for court appointed counsel fees and expenses sufficiently relate to the statutory requirements for court ordered compensation based on days appointed counsel appears in court and for reimbursement of expenses to require submission of the claim by the County Auditor to the Commissioners Court?

Article 26.05 of the Code of Criminal Procedure governs the payment of fees to counsel appointed to represent indigents in certain cases, including those specified in article 26.04 of the Code.  The version of article 26.05 applicable at the time of the events mentioned in your question provides:

Section 1.  A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing, shall be paid from the general fund of the county in which the

prosecution was instituted or habeas corpus hearing held, according to the following schedule:

(a) For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50;

(b) For each day in court representing the accused in a capital case, a reasonable fee to be set by the court but in no event to be less than $250;

(c) For each day or a fractional part thereof in court representing the indigent in a habeas corpus hearing, a reasonable fee to be set by the court but in no event to be less than $50;

(d) For expenses incurred for purposes of investigation and expert testimony, a reasonable fee to be set by the court but in no event to exceed $500;

(e) For the prosecution to a final conclusion of a bona fide appeal to a court of appeals or the Court of Criminal Appeals, a reasonable fee to be set by the court but in no event to be less than $350;

(f) For the prosecution to a final conclusion of a bona fide appeal to the Court of Criminal Appeals in a case where the death penalty has been assessed, a reasonable fee be set by the court but in no event to be less than $500.

Sec. 2. The minimum fee will be automatically allowed unless the trial judge orders more within five days of the judgment.

Sec. 3. All payments made under the provisions of this Article may be included as costs of court.

Sec. 4. An attorney may not receive more than one fee for each day in court regardless of the

> number of cases in which he appears as appointed
> counsel on the same day.[1]

Code Crim. Proc. art. 26.05. *See generally* Gray County v. Warner & Finney, 727 S.W.2d 633 (Tex. Civ. App. - Amarillo 1987, no writ) for a discussion of the factors generally considered in determining a "reasonable fee" under the statute.

This office has, on several occasions, considered the application of article 26.05. *See, e.g.,* Attorney General Opinions MW-80 (1979); H-909 (1976); H-499 (1974). The law delegates to the judge in the case the power to decide what fee is reasonable, so long as the fee finally set equals at least the statutory minimum and otherwise complies with the statutes. Smith v. Flack, 728 S.W.2d 784, 791 (Tex. Crim. App. 1987); Attorney General Opinion H-499 (1975); *see also* Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.). Both the courts and this office consistently have viewed determinations by judges about fees as "carrying with them a presumption of necessity and reasonableness." Attorney General Opinion H-499; Lubbock County, 471 S.W.2d at 108. In disputes about the amount of compensation due, the burden rests with a commissioners court resisting payment to show that a judicial determination of a "reasonable" fee in a particular case is so arbitrary, unreasonable, and capricious as to amount to an abuse of discretion. Attorney General Opinion H-499.

More particularly, a judicial order setting a fee in this instance has been issued. In Attorney General Opinion O-1847 (1940), this office was asked by a county attorney to review the order of a judge. In response, the attorney general declared:

> It is not within the proper scope of the functions
> of this department to serve as a quasi appellate
> tribunal for the correction of what are conceived
> to be errors committed by the courts of this
> state. The method for reviewing and correcting
> such errors does not lie in an appeal to this
> department for an opinion upon a disputed
> question, but in action by the proper reviewing
> tribunal.

---

1. Article 26.05 has been substantially changed, effective September 1, 1987. *See* Acts 1987, 70th Leg., ch. 979, §3, at 6674, 6678. The changes are prospective in application only.

A judge has issued an order directing the county to pay a specific sum of money to an attorney, based on a statutory provision. That order is subject, of course, to appellate review in the courts, and collateral litigation is possible. As a matter of policy, this office will not exercise its quasi-judicial function to render opinions when matters are in litigation before the courts or have been definitively resolved through judicial action. Accordingly, we respectfully decline to address your request for an opinion on this matter. See Attorney General Opinion JM-287 (1984).

### S U M M A R Y

The validity of a judicial order for the payment of attorneys fees is a question which is presently the subject of adjudication in the courts, and therefore cannot be resolved by this office.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Don Bustion
Assistant Attorney General