

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 22, 1995

Honorable John Vance
Dallas County District Attorney
Frank Crowley Courts Building, LB 19
Dallas, Texas 75207-4313

Opinion No. DM-354

Re: Whether a trial court may appoint an attorney to represent an indigent capital murder defendant in a postconviction habeas corpus proceeding, and related questions (RQ-658)

Dear Mr. Vance:

You ask us several questions regarding court appointment of counsel to represent indigent capital defendants in postconviction state habeas corpus proceedings. Code of Criminal Procedure article 11.07 regulates the procedure for a writ of habeas corpus challenging confinement under a final judgment of conviction in a felony case. You represent that "[a] number of Dallas County trial court judges are under the impression that they do not have the authority to appoint or compensate an attorney to represent an, individual convicted of capital murder" in a proceeding under article 11.07.

First, you ask whether a trial court judge has the power to make such appointments. We believe that article 1.051 of the Code of Criminal Procedure expressly establishes that power.[1] Subsection (d)(3) of article 1.051, in particular, expressly grants

---

[1] Article 1.051 provides in pertinent part:

> (a) A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding. The right to be represented by counsel includes the right to consult in private with counsel sufficiently in advance of a proceeding to allow adequate preparation for the proceeding.
>
> (b) For the purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel.
>
> (c) An indigent defendant is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement .... If an indigent defendant is entitled to and requests appointed counsel, the court shall appoint counsel to represent the defendant as soon as possible.

an entitlement to appointment of counsel to an indigent criminal defendant in a postconviction "habeas corpus proceeding if the court concludes that the interests of justice require representation." The statutory right to counsel includes the right to the assistance of counsel in making "adequate preparation for the proceeding." Code Crim. Proc. art. 1.051(a); *cf. McFarland v. Scott*, 114 S. Ct. 2568, 2572 (1994) (federal statute granting right to appointed counsel to capital defendants in federal habeas corpus proceedings "includes a right to legal assistance in the preparation of a habeas corpus application").

Second, you ask whether the Commissioners Court of Dallas County must pay compensation to counsel so appointed by a Dallas County trial court, in accordance with the court's order setting attorney fee. The Texas Court of Criminal Appeals held in *Smith v. Flack*, 728 S.W.2d 784 (1987) a former version of article 26.05 of the Code of Criminal Procedure "places a mandatory duty upon the county to pay court-appointed attorney fees," *id.* at 789-90, and that other law requires the commissioners court "to perform the ministerial act of reviewing" attorney fee awards ordered under article 26.05, *id.* at 792; *see* Local Gov't Code § 115.021 ("The commissioners court of a county shall audit and settle all accounts against the county and shall direct the payment of those accounts"). Although article 26.05 has been rewritten since *Smith*, *compare* Act of May 30, 1987, 70th Leg., R.S., ch. 979, § 3, 1987 Tex. Gen. Laws 3321, 3323-24 (current version) *with* Act of May 31, 1981, 67th Leg., R.S., ch. 291, § 106, 1981 Tex. Gen. Laws 761, 803 (former version), the current version has been interpreted in the same manner as the former, *see Westergren v. Banales*, 773 S.W.2d 764, 765 (Tex. App.—Corpus Christi 1989, no writ) (duty to pay fees of appointed counsel is ministerial).[2]

---

(footnote continued)

> (d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:
>
> . . . .
>
> (3) a habeas corpus proceeding if the court concludes that the interests of justice require representation . . . .

Code Crim. Proc. art. 1.051(a) - (c), (d)(3).

[2]The current version of article 26.05 provides in pertinent part as follows:

> (a) A counsel, other than an attorney with a public defender's office, appointed to represent a defendant in a criminal proceeding, including a habeas corpus hearing, shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony and shall be paid a reasonable attorney's fee for performing the following services, based on

The current version places a ministerial duty on the trial court judge to award fees (the amount awarded being discretionary) upon appointed counsel's submission of a fee request in proper form. *Id.* Furthermore, we believe that this statute and Local Government Code section 115.021 place a ministerial duty on the Commissioners Court of Dallas County to "direct the payment," Local Gov't Code § 115.021, of an award of fees that "is in accordance with the fee schedule for that county," Code Crim. Proc. art. 26.05(c). *Cf. Smith,* 728 S.W.2d at 792. Speaking of the former version of article 26.05, the court in *Gray County v. Warner & Finney,* 727 S.W.2d 633 (Tex. App.--Amarillo 1987, no writ), held that "an order entered by the court under the authority of article 26.05 is presumed to be reasonable . . . and must be allowed unless the Commissioners Court can show that the order is so unreasonable as to amount to an abuse of discretion." *Id.* at 636; *see* Attorney General Opinion H-499 (1975). We believe that the same rule applies to the current version of article 26.05.

Third, you ask whether a trial court judge has the power to appoint a nonindividual entity, including "an agency, legal aid society, such as the Texas Resource Center, or law

---

(footnote continued)

the time and labor required, the complexity of the case, and the experience and ability of the appointed counsel:

(1) time spent in court making an appearance on behalf of the defendant as evidenced by a docket entry, time spent in trial, or time spent in a proceeding in which sworn oral testimony is elicited;

(2) reasonable and necessary time spent out of court on the case, supported by any documentation that the court requires; and

(3) preparation of an appellate brief to a court of appeals or the Court of Criminal Appeals.

(b) All payments made under this article shall be paid in accordance with a schedule of fees adopted by formal action of the county and district criminal court judges within each county, except that in a county with only one judge with criminal jurisdiction the schedule will be adopted by the administrative judge for that judicial district.

(c) Each fee schedule adopted will include a fixed rate, minimum and maximum hourly rates, and daily rates and will provide a form for reporting the types of services performed in each one. No payment shall be made under this section until the form for reporting the services performed is submitted and approved by the court and is in accordance with the fee schedule for that county.

(d) All payments made under this article shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held and may be included as costs of court.

Code Crim. Proc. art. 26.05(a)-(d).

firm," to be responsible for assigning an individual staff attorney to represent a capital defendant in a postconviction habeas corpus proceeding under article 11.07. Article 26.04(a) of the Code of Criminal Procedure provides that "the court shall appoint one or more practicing attorneys to defend" an indigent defendant charged with a crime punishable by imprisonment.[3] Only licensed individuals may be appointed as counsel. *See Ex parte Engle*, 418 S.W.2d 671, 673 (Tex. Crim. App. 1967). Obviously, an agency or association cannot be licensed to practice law, for such an entity cannot satisfy all the eligibility requirements, *see* Gov't Code ch. 82, subch. B (regulating licensing of attorneys at law), including an assessment of an applicant's moral character and fitness, *see id.* § 82.030. Therefore, there is no appointment of "one or more practicing attorneys" when a trial court directs a governmental agency or legal aid society or private law partnership to provide representation by one or more attorneys.[4]

Nevertheless, we are aware of no legal impediment to a trial court's request that an agency or association—including an entity located outside the county of the appointing court—procure a qualified attorney who is willing to provide counsel to an indigent defendant who has a right to counsel under article 1.051. Still, when a trial court relies on an agency or association to assign one or more lawyers to appear as counsel for the defendant, the court has the duty to "'see that counsel is assigned *having sufficient ability and experience fairly to represent the defendant, to present his defense, and to protect his rights.'*" *Rodriguez v. State*, 340 S.W.2d 61, 63 (Tex. Crim. App. 1960) (quoting with added emphasis 14 AM. JUR. *Criminal Law*, § 174, at 888 (1938)). This duty alone is sufficient reason for the trial court to review the qualifications of the lawyers proffered by

---

[3] Article 26.04(a) provides as follows:

> (a) Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

Code Crim. Proc. art. 26.04(a). For purposes of this provision, a "criminal proceeding" includes a habeas corpus proceeding. *See id.* art. 26.05(a) (providing for award of attorney fees and expenses to "counsel . . . appointed to represent a defendant in a criminal proceeding, including a habeas corpus hearing").

[4] Furthermore, in the absence of an appointment pursuant to article 26.04, an attorney providing representation to an indigent defendant is not entitled to compensation under article 26.05; for that article applies only to "[a] counsel . . . appointed to represent a defendant in a criminal proceeding," Code Crim. Proc. art. 26.05(a). *See Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex. Crim. App. 1988) (attorney fees cannot be awarded pursuant to article 26.05 for services rendered prior to date of appointment).

the agency or association, to the extent necessary for the court to determine that the lawyers have the requisite ability and experience, and to appoint the lawyers by formal designation pursuant to article 26.04.

Other considerations also militate in favor of formal appointment of lawyers provided by agencies and associations to represent indigent criminal defendants. It is important that an agency or public-interest law firm limit its role to that of a conduit or intermediary that does not control or exploit the manner in which a lawyer employed by the agency or public-interest firm provides representation to an indigent client. *See Touchy v. Houston Legal Found.*, 432 S.W.2d 690, 695 (Tex. 1968); *Scruggs v. Houston Legal Found.*, 475 S.W.2d 604, 606-07 (Tex. Civ. App.--Houston [1st Dist.] 1972, writ ref'd); *see also* State Bar Rules, art. X, § 9 (Gov't Code) (1992) R. 5.04(c) ("A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services"). Additionally, without a formal designation of the attorney or attorneys who will be responsible for representation of a defendant, there may be a fragmentation of responsibility and authority that would be detrimental to the defendant's interests. *See Montana v. Allies*, 597 P.2d 64, 66 (Mont. 1979). To avoid confusion of responsibility, there should be a clear designation of the licensed attorney or attorneys who will be ethically obligated to protect the defendant's interests, *see North Carolina v. Carter*, 311 S.E.2d 5, 6 (N.C. Ct. App. 1984), and who will be subject to direct and summary control and discipline by the court in regard to their representation of the defendant.

## S U M M A R Y

Article 1.051(d)(3) of the Code of Criminal Procedure (the "code") expressly authorizes a trial court to appoint counsel to represent an indigent capital defendant in a postconviction habeas corpus proceeding under code article 11.07 "if the court concludes that the interests of justice require representation." The statutory right to counsel under article 1.051 includes the right to the assistance of counsel in making "adequate preparation for the proceeding." Code Crim. Proc. art. 1.051(a).

A trial court has a ministerial duty to award attorney fees (the amount awarded being discretionary), upon submission of a fee request in proper form, to counsel appointed pursuant to code article 26.05. The Commissioners Court of Dallas County has a ministerial duty to direct payment of such an award of attorney fees ordered by a Dallas County trial court if the award comports with the fee

schedule for Dallas County, unless the commissioners court can show that the court's award is so unreasonable as to amount to an abuse of discretion.

A trial court may appoint only licensed attorneys pursuant to code article 26.04 and therefore may not appoint an agency or association to provide counsel to a defendant. There is no legal impediment, however, to a trial court's request that an agency or association—including an entity located outside the county of the appointing court—procure a qualified attorney who is willing to provide counsel to an indigent defendant who has a right to counsel under article 1.051. Still, when a trial court relies on an agency or association to recommend lawyers to appear as counsel for criminal defendants, the trial court should review the qualifications of the lawyers proffered by the agency or association, to the extent necessary for the court to determine that the lawyers have the requisite ability and experience, and should appoint the lawyers by formal designation pursuant to article 26.04.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General